UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN JUNIOR GORDON,

        Plaintiff,

                                      Case No. 1:23-cv-755

v.

                                      Hon. Hala Y. Jarbou

JARED JOEL SMITTER,

        Defendant.

_____/

## OPINION

This is an action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The *in forma pauperis* statute, 28 U.S.C. § 1915, directs the Court to dismiss any prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim, for lack of jurisdiction, and/or as frivolous.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan. On June 1, 2016, following a jury trial in the Kent County Circuit Court, Plaintiff was convicted of unarmed

robbery in violation of Mich. Comp. Laws § 750.530. On June 23, 2016, the court sentenced Plaintiff as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 10 to 50 years, to be served consecutively to sentences for which Plaintiff was on parole when he committed the unarmed robbery.

The events of which Plaintiff complains, however, are only indirectly related to Plaintiff's custody. Plaintiff is suing Jared Joel Smitter, the owner of the business that he robbed, because the store clerk (not a party) grabbed Plaintiff and held onto him after the clerk had thwarted the robbery. (Compl., ECF No. 1, PageID.2.) Plaintiff claims that Defendant Smitter is liable for assault and battery and kidnapping. Plaintiff seeks compensatory and punitive damages and an order dropping all charges against him and, presumably, compelling his release from prison. (*Id.*, PageID.3.)

## II.     Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 377 (1994). By statute, federal district courts are granted original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Except in narrow instances, federal courts lack jurisdiction to adjudicate claims based in state law. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). Diversity jurisdiction grants federal courts authority to hear state claims so long as each plaintiff resides in a different state from each defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal courts may also exercise supplemental jurisdiction over state claims in some circumstances.

It may be that Plaintiff believes he has raised a claim arising under the Constitution, laws, or treaties of the United States. He submitted his factual allegations on the form complaint that the Court instructs prisoners to use when raising claims under 42 U.S.C. § 1983. Plaintiff has used that

form twice to file claims under that federal statute. *See* Compl., *Gordon v. Washington et al.*, No. 1:18-cv-158 (W.D. Mich.), (ECF No. 1); Compl., *Gordon v. Harry et al.*, No. 1:19-cv-491 (W.D. Mich.), (ECF No. 1).

To the extent Plaintiff intended to raise a claim against Defendant Smitter under 42 U.S.C. § 1983, or another federal statute, the Court has jurisdiction. Accordingly, such claims are addressed below on the merits.

If, on the other hand, Plaintiff relies on diversity jurisdiction, "it is firmly established that parties attempting to demonstrate that such jurisdiction exists must show that: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship between the disputing parties." *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing 28 U.S.C. § 1332(a)). Plaintiff has failed to show diversity of citizenship between the parties. To the contrary, Plaintiff lists Michigan addresses for himself and the Defendant. Accordingly, Plaintiff has failed to establish diversity jurisdiction and any state law claim that depends on the presence of diversity is properly dismissed without prejudice.

### III.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A.   Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where the defendants are not state officials, their conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the

4

government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally*, *Lugar*, 457 U.S. at 936–39 (discussing three tests).

Plaintiff has not presented any factual allegations by which the conduct of Defendant Smitter or the store clerk could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim.

### B. Federal Criminal Statutes

Plaintiff refers generally to "assault and battery" and "kidnapping." It is possible he asks the Court to exercise jurisdiction over his claims because those activities might violate federal criminal statutes. But Plaintiff would have no cause of action to sue for a violation of federal criminal statutes. As the Sixth Circuit has explained:

> We do not casually, or for that matter routinely, imply private rights of action in favor of the victims of violations of criminal laws. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). Quite the opposite is true, as all of the following cases confirm. *See, e.g.*, *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 165–66 (2008); *Central Bank of Denver*, 511 U.S. at 190–91; *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979); *Cort v. Ash*, 422 U.S. 66, 80 (1975).

*Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, a claim that Defendant is liable to Plaintiff for violation of federal criminal statutes is properly dismissed for failure to state a claim.

5

    **C.**    **Release as a Remedy**

Plaintiff asks the Court to dismiss all of the charges against him and, therefore, presumably seeks release from prison. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (stating "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); *see also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 769–70 (E.D. Mich. 1998) (stating that "[t]he Supreme Court noted that when the general provisions of § 1983 overlap with the specific provisions of the habeas corpus statute under 28 U.S.C. § 2254, habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). Plaintiff's request for dismissal of the charge against him as a remedy, therefore, fails to state a claim cognizable under § 1983.

**IV.**    **Supplemental Jurisdiction**

Plaintiff's allegations might give rise to liability for the state-law torts of assault and battery or false imprisonment. Any assertion that Defendant violated state law fails to state a claim under § 1983. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Nonetheless, to the extent Plaintiff seeks to raise such state law claims, the claims could fall within the supplemental jurisdiction of the Court.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases

6

where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). The Court declines to exercise jurisdiction over any state-law claims that Plaintiff intended to raise, and those claims will be dismissed without prejudice.

## Conclusion

The Court concludes that there is simply no basis in fact for diversity jurisdiction. To the extent Plaintiff relies instead on federal question jurisdiction, having conducted the review required by the *in forma pauperis* statute, the Court determines that Plaintiff's complaint is properly dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2). Because there is no federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims. The Court will dismiss any state law claims without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: August 10, 2023                     /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE